IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OLER ADAMS, Jr., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | CIV-09-1078-F |
| v. ) | |
| ) | |
| EMMA WATTS, Warden, ) | |
| ) | |
| Respondent.¹ ) | |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the conviction for Assault and Battery on a Police Officer After Former Conviction of a Felony entered in the District Court of Comanche County, Oklahoma, Case No. CF-1997-215, for which Petitioner was sentenced to serve a ten-year term of imprisonment to run consecutively to his other sentences.² The matter has been referred to the undersigned Magistrate Judge for initial

---

¹Mr. Edmondson, sued in his capacity as the Attorney General of the State of Oklahoma, is dismissed as a Respondent. Where the habeas petitioner is presently in custody pursuant to the state judgment being challenged, the state officer having custody of the petitioner is the properly named respondent. Rule 2, Rules Governing § 2254 Cases in the United States District Courts. In this case, Warden Watts is the only proper Respondent.

²Petitioner asserts he is currently serving a sentence for a conviction imposed for another conviction. Oklahoma Department of Corrections' public records, of which the undersigned takes judicial notice, confirm that Petitioner is currently serving sentences imposed for other convictions and that Petitioner will serve the ten-year term of imprisonment imposed in Case No. CF-1997-215 in the future following his completion of his current sentences. www.doc.state.ok.us (offender search

proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.  For the following reasons, it is recommended that the Petition be DISMISSED as it is not timely filed.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, effective April 24, 1996, imposes a one-year period of limitation upon the filing of a habeas corpus petition by a person in custody challenging a state court conviction. 28 U.S.C. § 2244(d)(1).  Petitioner filed the instant Petition on September 28, 2009, and his Petition is governed by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S. 320, 336 (1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's effective date of April 24, 1996).

Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[3]  The time limitation is tolled while "a properly filed application for State post-conviction, or other collateral review with respect to the pertinent judgment or claim, is pending." 28 U.S.C. § 2244(d)(2).

According to Petitioner, his conviction in Case No. CF-1997-215 was affirmed by the

---

for Oler Adams, Jr. accessed November 19, 2009).

[3]None of the alternative circumstances described in § 2244(d)(1) for commencement of the limitation period are applicable to the instant Petition.

Oklahoma Court of Criminal Appeals ("OCCA") on April 3, 1998.[4] Petition, at 3. The conviction Petitioner is challenging in this case therefore became "final" under 28 U.S.C. §2244(d)(1)(A) on July 3, 1998, when the time for Petitioner to seek certiorari review in the United States Supreme Court expired.[5] Locke v. Saffle, 237 F.3d 1269, 1272 (10th Cir. 2001)("Under the statute, a petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until …'after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed.'")(quoting Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999), cert. denied, 528 U.S. 1084 (2000)). Commensurate with 28 U.S.C. § 2244(d)(1), Petitioner had one year beginning July 4, 1998, to file his federal habeas petition.[6] Absent statutory or equitable tolling exceptions, his one-year filing period expired on July 4, 1999, more than ten years before Petitioner filed the instant

---

[4]Taking judicial notice of the public records of the District Court of Comanche County available on the internet, the docket sheet in State of Oklahoma v. Oler Adams, Jr., Case No. CF-1997-215, reflects that Petitioner's conviction was affirmed by the Oklahoma Court of Criminal Appeals ("OCCA") on June 2, 1998. www.oscn.net (docket sheet accessed November 19, 2009). This alternative date does not change the outcome of this recommendation.

[5]See Rule 13.1, Rules of the Supreme Court (applicant for certiorari has 90 days from date of judgment to file petition for writ of certiorari); 28 U.S.C. § 2101(d).

[6]Employing the alternative June 3, 1998 date ascribed to the OCCA's decision in the District Court of Comanche County's public records, see fn. 3 supra, Petitioner's conviction in Case No. CF-1997-215 became "final" for purposes of 28 U.S.C. § 2244(d)(1) on September 3, 1998, see fn. 4 supra, and Petitioner's one-year filing period began on September 4, 1998, and expired on September 4, 1999.

Petition. Petitioner did not pursue post-conviction relief in the state courts within the one-year limitation period, and therefore the filing period was not statutorily tolled under 28 U.S.C. § 2244(d)(2).

The one-year limitation period may in rare and extraordinary circumstances "be subject to equitable tolling." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998). "Generally, equitable tolling requires a litigant to establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008)(quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)). Extraordinary circumstances sufficient to warrant the equitable tolling of the limitation period may include "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetent." Miller, 141 F.3d at 978. Equitable tolling may also be appropriate, for instance, "when an adversary's conduct - - or other uncontrollable circumstances - - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).

Petitioner did not file his Petition on the court-approved form. See LCvR 9.2. Nor did Petitioner file his Petition on the standard form prescribed by the Rules Governing Section 2254 Cases in the United States District Courts. See Rule 2(d), Rules Governing Section 2254 Cases in the United States District Courts (mandating that habeas petition "substantially follow either the form appended to these rules or a form prescribed by a local district-court

4

rule"). If Petitioner had employed either of these approved forms, Petitioner would have been asked to provide information concerning the timeliness of his Petition and an explanation as to why the one-year statute of limitations as prescribed in 28 U.S.C. §2244(d)(1) does not bar judicial review of the Petition. Petitioner has provided no explanation for his excessive delay in the filing of his federal habeas Petition challenging his 1998 conviction.

In the event Petitioner argues that he was not aware of the one-year limitation period or knowledgeable of legal procedures in general, "ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Should Petitioner claim that his Petition was not timely filed because his defense and/or appellate attorney(s) failed to advise him of the statutory filing period, such attorney negligence is not an "extraordinary circumstance" warranting equitable tolling. See Fleming v. Evans, 481 F.3d 1249, 1259 (10th Cir. 2007)("Habeas counsel's negligence is not generally a basis for equitable tolling because 'there is no constitutional right to an attorney in state post-conviction proceedings.'")(quoting Coleman v. Thompson, 501 U.S. 722, 752 (1991)). Petitioner has not demonstrated that extraordinary circumstances beyond his control prevented him from timely filing his habeas Petition.

Moreover, equitable tolling "is only available when an inmate diligently pursues his claims ...." Marsh, 232 F.3d at 1220. "[A] claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling." Gibson, 232 F.3d at 808. Petitioner has not shown what, if any, steps he took to diligently pursue his federal claims before the

limitation period expired. Therefore, Petitioner is not entitled to equitable tolling, and his Petition should be dismissed on the ground that it is not timely filed under 28 U.S.C. §2244(d)(1).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED upon filing as it is untimely. Petitioner is advised of his right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by   December 9th  , 2009, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this    20th    day of    November   , 2009.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE