## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

OLER ADAMS, JR.,                              )
                                             )
                    Petitioner,              )
                                             )
-vs-                                         )        Case No.  CIV-09-1078-F
                                             )
EMMA WATTS, Warden,                          )
J.B.C.C., et al.,                            )
                                             )
                    Respondents.             )

## ORDER

        United States Magistrate Judge Gary M. Purcell issued a Supplemental Report and Recommendation on November 20, 2009, wherein he recommended that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed on the ground that it was not timely filed under 28 U.S.C. § 2244(d)(1).

        Presently before the court is petitioner's Objection to Supplemental Report and Recommendation filed December 1, 2009.  Pursuant to 28 U.S.C. § 636(b)(1), the court has conducted a *de novo* review of the matter.  Having done so, the court concurs with the analysis and recommendation of Magistrate Judge Purcell. In his objection, petitioner specifically sets forth reasons as to why the one-year limitation period prescribed in § 2244(d)(1) should be subject to equitable tolling.  *See*, Miller v. Marr, 141  F.3d 976, 978 (10th Cir.) (holding that the limitation period imposed by § 2244 is not jurisdictional but rather is subject to equitable tolling), *cert denied*, 525 U.S. 891 (1998).   The court concludes, however, that the reasons provided by petitioner do not constitute extraordinary circumstances compelling equitable tolling of the one-year limitation period.  The court additionally finds that petitioner has not shown that he pursued his rights diligently.  *See*, Marsh v. Soares, 223 F.3d 1217,

1220 (10th Cir. 2000) (equitable tolling is only available when an inmate pursues his claims diligently and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control).  The court therefore concludes that petitioner is not entitled to equitable tolling, and his petition, as found by Magistrate Judge Purcell, should be dismissed on the ground that it is not timely filed under 28 U.S.C. § 2244(d)(1).  The court accepts, adopts and affirms the Supplemental Report and Recommendation in its entirety.

Accordingly, the Supplemental Report and Recommendation of United States Magistrate Judge Gary M. Purcell, issued on November 20, 2009 (doc. no. 15), is **ACCEPTED**, **ADOPTED** and **AFFIRMED**.  Petitioner's "Petition for Writ of Habeas Corpus, *Pursuant to* 28 U.S.C. § 2254 Person in State Custody" is **DISMISSED** as untimely filed under 28 U.S.C. § 2244(d)(1) .

DATED December 17, 2009.


STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-1078p003.wpd

2